ERIC GRANT
United States Attorney
ROBERT ABENDROTH
NICOLE M. VANEK
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JUAN MUNOZ-GUZMAN,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:25-CR-00247-DJC<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |

## I.   STIPULATION

1.   Plaintiff United States of America, by and through its counsel of record, and Defendant Juan Munoz-Guzman), by and through their respective counsel of record ("Defendant" and "Defense Counsel"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons.

2.   This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

3.   On October 30, 2025, a grand jury returned an indictment in this case.

4.   As part of its investigation in the above-captioned case, the government is in the possession of documents and other materials relating to the charges against the Defendant and seeks to

STIPULATION AND [PROPOSED] PROTECTIVE ORDER        1

1 provide those materials to counsel for the Defendant. The government seeks to do so pursuant to its
2 discovery obligations, although some of the materials may exceed the scope of the government's
3 discovery obligations and will be produced to promote a prompt and just resolution of the case.

4     5.    The government intends to produce to Defense Counsel: (1) audio recordings, video
5 recordings, photographs, investigative reports and/or other documents that could identify law
6 enforcement undercover agents and/or confidential sources; and/or (2) materials containing PII and other
7 confidential information of real persons. These real persons are third parties, co-conspirators, and/or
8 witnesses to this case. This discovery will be considered "Protected Material" as described in this
9 stipulation and order, as will any other discovery marked as Protected Material.

10     6.    The purpose of this stipulation and order is to establish the procedures that must be
11 followed by Defense Counsel, any designated employees, and any other individual who receives access
12 to any Protected Material in this case and the information therein.

13     7.    The Government shall produce the aforementioned Protected Material to Defense
14 Counsel, designating the discovery with the bates prefix, "TOLENTINO_ETAL_PM_." This discovery,
15 and any subsequent material discovered by the Government to Defense Counsel using the bates-prefix,
16 shall be considered Protected Material.

17     a)    For purposes of this Order, the term "Defense Team" refers to (1) the defendant's
18 counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be
19 consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are
20 assisting defense counsel with this case, (4) retained experts or potential experts (including, but not
21 limited to, mitigation specialists and their staff), and (5) paralegals, legal assistants, and other support
22 staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does
23 not include defendant, the defendant's family, or other associates of the defendant.

24     b)    The United States intends to produce to the Defense Team, as defined below,
25 materials containing personal identifying information ("PII") and other confidential information of real
26 persons, including, among other things, personal names, addresses, Social Security numbers, employers,
27 and bank account numbers.
28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     2

8. All Protected Material in this case is now and will forever remain the property of the Government. It is entrusted to Defense Counsel only for purposes of representing their respective Defendant, and Defense Counsel may retain all Protected Material for a length of time consistent with their ethical obligations. While the Protected Material is in the possession of Defense Counsel, Defense Counsel agrees to maintain the Protected Material in accordance with the terms of this Protective Order.

9. Defense Counsel shall not give any Protected Material to any person other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall explicitly include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term excludes any person involved in any case in which discovery concerning the Defendant is produced and any other person other than those specifically authorized to see Protected Material under this paragraph.

10. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

11. No members of any Defendant's family, any friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to any Protected Material or its contents in any manner, unless that individual is a potential witness and access to Protected Material is necessary for a Defendant's defense. Some of the Defendants in this case are family members, and the government will disclose discovery individual to each Defendant. If a Defense Counsel provides determines that they must provide access to the Protected Material to a potential witness for a Defendant's defense, Defense Counsel must ensure that the Protected Material remains secure by taking the following measures: 1.) access to a potential witness must be overseen by a member of the Defense Team, 2.) Defense Counsel may not leave copies of the Protected Materials with the potential witness and ensure that the potential witness does not make copies of the Protected Materials, and 3.) Defense Counsel must take steps, such as redacting PII, to ensure that a potential witness does not see PII found in the Protected Material.

12. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the

instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed. Except for items constituting attorney work product, all notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

13. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given. Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph. This paragraph does not prohibit defense counsel or a member of the Defense Team from reviewing the contents of Protected Material with potential witnesses as necessary to defend their client provided that the Defense Team oversees the review of the Protected Material, does not allow the potential witness to copy the Protected Material, and redacts or otherwise protects from access PII within the Protected Material during witness review.

14. Defense Counsel may use the Protected Material in the defense of the instant case in any manner deemed essential to adequately represent their respective clients (i.e., in motions that are filed under seal, if necessary; in ex-parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order as it shall be originally prepared and signed.

15. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the Government, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

16. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with their respective Defendant the contents of the Protected Material. Defense Counsel and

1  authorized members of their staff, however, are prohibited from in any way giving the Defendant any
2  Protected Material or any memorialization of the content of any of it, such as: any of the Protected
3  Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected
4  Material; or summaries of any of the Protected Material.  This prohibition will not extend to the
5  Defendant viewing the Protected Material in open court should any of these materials or summaries
6  thereof be used in the litigation of this case.  If, during the pendency of the case, the Defendant requests
7  a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the
8  Protected Materials to the defendant provided that Defense Counsel ensures that all PII contained in the
9  Protected Materials is fully redacted and the copy bears an inscription "PROTECTED MATERIALS
10 SUBJECT TO PROTECTIVE ORDER." If Defense Counsel provides a redacted copy to the Defendant
11 subject to these conditions, Defense Counsel or a member of the Defense Team must
12 contemporaneously memorialize in writing that it has fully redacted PII from the Protected Materials
13 and complied with this Order. This written certification need not be disclosed or produced to the United
14 States unless ordered by the Court.

      IT IS SO STIPULATED.

[CONTINUED ON NEXT PAGE]

Respectfully Submitted,

Dated:  January 7, 2026  
                                      ERIC GRANT  
                                      United States Attorney

                              By:  /s/ ROBERT ABENDROTH  
                                   ROBERT ABENDROTH  
                                   Assistant United States Attorney

Dated: January 7, 2026  
                                   /s/ CLEMENTE JIMENEZ  
                                   CLEMENTE JIMENEZ  
                                   Counsel for Defendant  
                                   JUAN MUNOZ-GUZMAN

## [~~PROPOSED~~] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 7th day of January, 2026.

_____  
SEAN C. RIORDAN  
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER      6